99 F.3d 402
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Emilio RIVERA, Alex Rivera, Nelson Perez, Luis Martinez,
Roberto Velez, Jose Colon, Defendants,
Ricardo Gaviria-Diaz and Pedro Jose Diaz, Defendants-Appellants.
 No. 95-1121.
 United States Court of Appeals, Second Circuit.
 Dec. 22, 1995.
 
 SUBMITTED FOR APPELLANT RICARDO GAVIRIA-DIAZ: Paul E. Warburgh, Jr., New York, NY
 APPEARING FOR APPELLANT PEDRO JOSE DIAZ: Lawrence D. Gerzog, Westport, CT
 APPEARING FOR APPELLEE: Lisa J. Klem, Assistant United States Attorney, Brooklyn, NY
 E.D.N.Y.
 AFFIRMED.
 Before WALKER, JACOBS and PARKER, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Eastern District of New York and was argued by counsel and taken on submission.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.
 
 
 3
 Defendants-Appellants Ricardo Gaviria-Diaz and Pedro Jose Diaz appeal from the sentences imposed on them pursuant to the judgments of the district court. The appellants' judgments arose from their convictions, upon guilty pleas, of conspiring to distribute and to possess with intent to distribute cocaine, in violation of 18 U.S.C. § 371. Both appellants were sentenced to 60 months imprisonment, three years supervised release, and a $50 special assessment.
 
 
 4
 On September 21, 1992, an undercover agent of the Federal Bureau of Investigation met with Emilio Rivera and Nelson Perez at a diner in Queens, N.Y. and negotiated to purchase from them nine kilograms of cocaine for $234,000. The next day, the FBI agent met with Emilio Rivera and Perez outside the same diner. After Alex Rivera arrived outside the diner, the FBI agent and the three defendants walked over to an automobile where Carlos Gonzalez was seated.
 
 
 5
 Next to arrive was appellant Diaz, who was introduced to the agent and informed the agent that they were ready to do business but that they were waiting for other people to arrive. Gaviria-Diaz arrived with Luis Martinez and an unnamed woman. Diaz introduced the agent to these three and then appellant Gaviria-Diaz informed the agent that he wanted to transfer possession of the cocaine at his house and referred to "nine kilos." The agent refused to change the place of the transfer and when Gaviria-Diaz asked Martinez whether the deal should be done at the diner, Martinez shook his head no. Soon thereafter, all the defendants were arrested.
 
 
 6
 Appellants, along with six others, were indicted for conspiring to distribute and to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846, a charge which would have mandated a prison term between 5 and 40 years if the amount involved exceeded five kilograms. Luis Martinez pleaded guilty to a lesser included offense in count one of the original indictment (21 U.S.C. §§ 841(b)(1)(C) & 846) under Fed.R.Crim.P. 11(e)(1)(C). Martinez and the government stipulated to a twenty-seven month term of imprisonment.
 
 
 7
 Appellants pleaded guilty to a one-count superseding information charging them with conspiring to distribute and to possess with intent to distribute cocaine, in violation of 18 U.S.C. § 371, a charge with a statutory maximum five-year term of imprisonment. At their plea proceedings before Magistrate Judge Gold, appellants were informed that their sentences would be controlled by the Sentencing Guidelines, but not withstanding the Guidelines, they could not be sentenced to more than five years. In addition, at the request of counsel, Diaz was informed that all sentences are individual and that he could receive a sentence in excess of that received by a defendant who Diaz perceives to be more culpable. At their sentencings, Judge Hurley found that, under the Guidelines and the Presentence Report (to which there were no objections), the appellants' adjusted offense level was 29, which called for a range of imprisonment of 87 to 100 months. After motions by the parties, Judge Hurley sentenced both defendants to five years, the statutory maximum.
 
 
 8
 Appellants both contend that their sixty-month sentences were improper in light of Martinez's twenty-seven month sentence because Martinez, as the leader of the conspiracy was more culpable. In United States v. Joyner, 924 F.2d 454, 460-61 (2d Cir.1991), we reversed a sentence where the district judge had departed downward in order to create greater disparities between the sentences given to street sellers of crack cocaine and their supplier. We noted that Congress's intent in enacting the Sentencing Guidelines had been to eliminate sentencing disparities nationwide, and that "[t]o reduce the sentence by a departure because the judge believes that the applicable range punishes the defendant too severely compared to a co-defendant creates a new and entirely unwarranted disparity between the defendant's sentence and that of all similarly situated defendants throughout the country." Id. Granting appellants a downward departure because of Martinez's sentence would raise precisely the same concern that we voiced in Joyner. In any event, the district court found that even if it had the power to depart, it would not do so. Because the decision not to depart is within the district court's discretion, we must affirm. United States v. Moore, 54 F.3d 92, 102 (2d Cir.1995).
 
 
 9
 Diaz also argues that the district court failed to make specific findings as to the amount of narcotics involved in the conspiracy and that he was entitled to a downward departure based on his role in the offense. Both are without merit. The district court may, if there is no objection, adopt the presentence report as its findings of fact. Fed.R.Crim.P. 32(b)(6)(D). Diaz challenged only a typographical error in the presentence report and never challenged the amount of narcotics.
 
 
 10
 Diaz also never requested a role reduction in the district court, but even if he had, it would have made no difference in his sentence. The two level reduction would have reduced his total offense level to twenty-seven, yielding a sentencing range of seventy to eighty-seven months. This range still exceeds the statutory maximum of five years.
 
 
 11
 Accordingly, the judgment of the district court is affirmed.